GRIMES, Chief Judge,
dissenting.
Contrary to the view expressed by the majority, I do not think it can be fairly said that the state placed great emphasis on the size of the dosage of the drugs prescribed by appellant. The state’s ease was predicated upon the testimony of two undercover police officers who said they were repeatedly provided with prescriptions for Quaa-ludes to be used for “partying” rather than for therapy. Many of their conversations with the appellant were taped by a hidden recording device. Two osteopaths testified for the state in response to hypothetical questions that the issuance of prescriptions under these circumstances did not constitute good faith. Questions of these osteopaths concerning the recommended size of dosage were first asked by the appellant during cross examination, and only then did the state start asking questions on this subject.
The size of the prescribed dosage was irrelevant to the state’s case because, under the state’s theory, any prescription for Quaaludes other than one for therapeutical purposes was not justified. While appellant may have deemed it desirable to justify the quantity of Quaaludes he prescribed, he could not avoid conviction simply by proving that the size of the dosage was medically acceptable. Because the size of the dosage was not a defense, and because the subject was first injected into the case by the defense, I doubt if it was error to refuse to permit the testimony of a pharmacist concerning average Quaalude dosages.
In any event, the excluded testimony was only to the effect that the pharmacist had sometimes seen other doctors prescribe dosages as large as those prescribed by the appellant. He knew nothing of the circumstances which had prompted the other large prescriptions, and he admitted that the larger doses had been prescribed by specialists. The appellant was not a specialist. Therefore, even if the size of the dosage was a legitimate issue, this witness would not have added anything to the appellant’s case because both of appellant’s own osteopathic witnesses testified that the size of the dosage prescribed by appellant was appropriate.
In the final analysis, the case consisted of a swearing match between the two undercover agents on the one hand and the appellant and his wife-receptionist on the other. The jury chose to believe the agents. If admissible at all, the excluded testimony was insufficiently probative to have affected the result.
I would affirm the conviction.